IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

OSCAR G. SALOMON,

       Plaintiff,

v.                                                    No. CIV 10-0911 JB/KBM

STEVE [LNU],

       Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court, <u>sua sponte</u> under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff Oscar G. Salomon's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed September 24, 2010 (Doc. 1)("Complaint"). Salomon is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The filing fee for this civil rights Complaint is $350.00. Salomon is required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on information in Salomon's filings, the Court will grant the IFP motion and will waive an initial partial payment pursuant to § 1915(b)(1). For the reasons below, the Court will dismiss the Complaint.

The Court has the discretion to dismiss an in forma pauperis complaint <u>sua sponte</u> under §1915(e)(2) "at any time if the court determines that . . . the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2). The Court also may dismiss a complaint <u>sua sponte</u> under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1109 (10th Cir. 1991)(quoting <u>McKinney v. Okla. Dep't of Human Servs.</u>, 925 F.2d 363, 365 (10th Cir. 1991)). In

reviewing Salomon's pro se Complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The Complaint alleges that Defendant Steve [LNU], a dental assistant at the Penitentiary of New Mexico, extracted one of Salomon's teeth. Soon afterward, Salomon began bleeding, and Steve [LNU] attempted to stop the bleeding by stitching the wound. This effort was unsuccessful. Salomon continued bleeding but did not tell anyone until the next morning. At 8:00 a.m., a dentist treated Salomon and repaired the wound. The Complaint seeks unspecified relief against Steve [LNU] "for not doing that the right way . . . and for making me losing a lots of blood over night and for hurting me from not stitching me right." Complaint at 8.

The prohibition of cruel or unusual punishment in the Eighth Amendment of the United States' Constitution includes access to necessary medical care. See Ramos v. Lamm, 639 F.2d 559, 566 (10th Cir. 1980). In an action for damages or injunctive relief pursuant to 42 U.S.C. § 1983, "only 'deliberate indifference to serious medical needs' of prisoners violates the Eighth Amendment proscription against cruel and unusual punishment." Ramos v. Lamm, 639 F.2d at 575 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Deliberate indifference to serious medical needs may be "manifested by . . . denying or delaying access to medical care." Estelle v. Gamble, 429 U.S. at 104-05. To articulate an Eighth Amendment cause of action premised on an allegation that a defendant was deliberately indifferent to serious medical needs, a plaintiff must allege both that the pain or deprivation was sufficiently serious, and that the defendant acted with a sufficiently culpable state of mind. See Farmer v. Brennan, 511 U.S. 825, 847 (1994); Miller v. Glanz, 948 F.2d 1562, 1569 (10th Cir. 1991).

Under the standards set out above, Salomon's allegations do not support a civil-rights claim

under § 1983. Salomon alleges, at most, that Steve [LNU]'s extraction of a tooth and attempt to stop the bleeding did not meet professional standards. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 105-106 (1976). See Perkins v. Kan. Dep't of Corrs., 165 F.3d 803, 811 (10th Cir. 1999)("[N]egligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation."). Steve [LNU]'s allegedly negligent treatment did not constitute an Eighth Amendment violation.

Salomon also alleges that the extraction wound bled until the next morning when he complained to an officer and was treated by 8:00 a.m. Delay of medical treatment may violate the Eighth Amendment, see White v. Colorado, 82 F.3d 364, 366 (10th Cir. 1996); Stack v. McCotter, 79 F. App'x 383, 389 (10th Cir. 2003), if the delay amounts to deliberate indifference, see Estelle v. Gamble, 429 U.S. at 104-05. Here, officials did not know of the alleged bleeding until the following morning, and Salomon then received prompt treatment. Salomon's allegations do not support a claim of constitutional violation, and the Court will dismiss the Complaint.

**IT IS THEREFORE ORDERED** that: (i) Plaintiff Oscar G. Salomon's Motion And Affidavit For Leave To Proceed Pursuant To 28 U.S.C. § 1915 is granted, and an initial partial payment is waived; and (ii) the Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed September 24, 2010 (Doc. 1), is dismissed with prejudice; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Oscar G. Salomon
Penitentiary of New Mexico
Santa Fe, New Mexico

    *Plaintiff pro se*